Zenith Radio Corporation, plaintiff *v.* United States, defendant

Court No. 80-5-00861

(Dated March 6, 1984)

### Order

Maletz, *Senior Judge:* The government has filed a motion for suspension of discovery, ancillary to its pending motion for assessment of damages. In that latter motion the government seeks recovery on a $250,000 bond posted by plaintiff as security for the arguably wrongful issuance of an injunction procured by Zenith in late 1980. *See Zenith Radio Corp.* v. *United States,* 1 CIT 55, 505 F. Supp. 216. That injunction has since been dissolved, *see* 4 CIT 202 (1982) on the basis of *Montgomery Ward & Co.* v. *Zenith Radio Corp.,* 673 F.2d 1254 (CCPA 1982).

In order to defend against the government's collection efforts, Zenith wishes to conduct immediate discovery. The government, in opposition, requests suspension of all discovery until 30 days *after* disposition of its motion for assessment of damages. The court is of the view that Zenith's discovery should proceed and be completed *before* any action is taken on the government's motion for assessment of damages.

In this case, the purported damage to the government is lost interest on some $77 million received by the government in settlement of an antidumping duty proceeding. *See COMPACT* v. *United States,* 706 F.2d 1574 (Fed. Cir.), *cert. denied,* 104 S.Ct. 96 (1983). One of Zenith's three defenses in opposing the government's motion for assessment of damages is an alleged failure to mitigate. This, if proven, could be a complete defense, for as pointed out in *Coyne-Delany Co.* v. *Capital Development Board,* 717 F.2d 385, 392 (7th Cir. 1983), "A good reason for not awarding such damages [i.e., damages on an injunction bond] would be that the defendant had failed to mitigate damages."

But it is also an elemental principle of damages that Zenith, as the party defending against the action for damages, bears the burden of proving mitigation. *G & R Corp.* v. *American Security & Trust Co.,* 523 F.2d 1164, 1176 (D.C. Cir. 1975). Consequently, Zenith would be seriously handicapped in presenting its mitigation defense, and could be similarly hampered in proving its other defenses as well, if it should now be foreclosed from conducting full discovery in regard to all its defenses.

Accordingly, upon reading and filing the government's motion for suspension of plaintiff's discovery, plaintiff's memorandum in opposition thereto, and all other papers and proceedings herein, it is hereby

Ordered, that defendant's motion be and the same is hereby denied.